By the Court, Bronson, J.
When Vandermark v. Jackson was decided, writs of error to the common pleas issued out of chancery, and until the writ was returned and filed, this court did not get possession of the cause. But now, the writ of error issues from this court, and we have the same control over it as we have over our own writs and process in other cases. The notice is, to quash the writ, or for such other rule or order as the court may think proper to grant;(a) and if there is any dif *520 ficulty in quashing the writ, it may be superseded. (Ferguson v. Jones, 12 Wend. 241.) We think, however, that either order may he made. I
Notice of the names, additions and residence of the sureties in the error bond must be given within ten days after the filing of the writ of error. (2 R. S. 597, § 34.) This means filing in the court to which the writ is directed. The notice served Within the ten days was not sufficient; hut as the defect has now been supplied, I think the writ should be allowed to stand on payment of the costs of the motion.
Ordered accordingly.

 As to the effect of this clause in a notice of motion, see Barstow v. Randall and others, (ante, p. 518.)